UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LANCE ADAM GOLDMAN,

        Plaintiff,　　　　　　　　　　Case No. 1:17-cv-774

v.　　　　　　　　　　　　　　　　　　Honorable Robert J. Jonker

STATE OF MICHIGAN et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### **Factual Allegations**

Plaintiff Lance Adam Goldman presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Parnall Correctional Facility (SMT). Plaintiff sues the

State of Michigan and its Department of Corrections, MDOC Director Heidi Washington, SMT Warden Melinda Braman, and SMT Nurse Jim (unknown).

Plaintiff arrived at SMT on June 26, 2017. He complains that A-Unit of SMT is dirty and mold-infested, and that, because one bathroom is under construction, he is exposed to chemicals and fumes and lacks adequate access to bathroom facilities. He contends that the dirty, damp, dusty, and moldy conditions are dangerous to prisoner health and safety and that Defendants have elected to disregard the unsanitary conditions.

On August 14, 2017, Plaintiff developed flu-like symptoms. On August 16, 2017, he sought urgent medical care, because he was coughing up "green and yellow phlegm with black specs." (Compl., ECF No. 1, PageID.6.) Defendant Nurse Jim examined him, but merely provided him five packs of Aypanal, a type of acetaminophen. Nurse Jim did not schedule a follow-up appointment. Later that day, Plaintiff sent a letter to Defendant Washington, complaining about Nurse Jim's "obvious inadequate medical care and treatment." (*Id.*) Plaintiff alleges that he continued to be ill as of the filing of his complaint on August 21, 2017, and that he was feverish and coughing up mucus that contained specks of blood.

Plaintiff also alleges that, beginning on August 1, 2017, he served five days of toplock and 30 days' loss of privileges, after being convicted of a Class-II misconduct. At the end of his toplock period, he allegedly did not receive out-of-cell recreation time, as he should have under the policy. He argues that being kept from out-of-cell exercise for 30 days during his loss-of-privileges sanction amounts to an Eighth Amendment violation.

Plaintiff acknowledges that he has not exhausted his administrative remedies, noting that he filed his grievance at the same time he filed his complaint. He argues that exhausting the grievance process would be futile, so he seeks immediate relief in this Court. He seeks declaratory and injunctive relief, together with compensatory and punitive damages.

## Discussion

I.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. State of Michigan & MDOC

Plaintiff may not maintain a § 1983 action against the State of Michigan and the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment, regardless of the form of relief requested by the Plaintiff. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the

Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the State of Michigan and its department, the Michigan Department of Corrections.

B.  Defendant Washington

Plaintiff fails to make specific factual allegations against Defendant Washington, other than his conclusory claim that she is responsible for the conditions at SMT and therefore must have a policy of permitting unsanitary conditions. Plaintiff's allegations against Defendant Washington are wholly conclusory, resting on assumptions arising from her role as Director of the MDOC. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Washington engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

### C. Defendants Warden Braman and Nurse Jim

Plaintiff alleges that Defendant Nurse Jim failed to adequately treat his medical condition on August 14, 2017. He also alleges that Defendant Braman was aware of the dirty and moldy conditions at SMT, but engaged in a policy of allowing those conditions. Plaintiff frankly admits in his complaint that he has not yet exhausted his administrative remedies. Instead, he declares, he filed his grievance on the same date he filed his civil rights complaint. (Compl., ECF No. 1, PageID.13.)

The PLRA requires state prisoner to follow and exhaust all applicable state administrative remedies before filing suit in federal court. 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Mattox v. Edelmon*, 851 F.3d 583, 590 (6th Cir. 2017). The PLRA does not impose a heightened pleading requirement; a prisoner is not required to plead that he has exhausted his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 213-14 (2007). "[T]hat is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim. It is to say that there is no basis for concluding that Congress implicitly meant to transform exhaustion from an affirmative defense to a pleading requirement." *Id.* at 216. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by [an affirmative defense], the complaint is subject to dismissal for failure to state a claim." *Jones*, 549 U.S. at 215.

That is the case here. While Plaintiff was not required to plead exhaustion, *id.*, he nevertheless elected to declare that he had not exhausted his administrative remedies.[1] As a result, Plaintiff's allegations show that the relief he seeks under § 1983 is barred by the affirmative defense of failure to exhaust.

Plaintiff argues, however, that he should not be required to exhaust his administrative remedies, because he believes that doing so would be futile. Plaintiff, however, cannot simply declare that administrative procedures are futile in order to escape the requirement of exhaustion. A prisoner's subjective belief that he would not be granted relief in the prison grievance process will not excuse his failure to exhaust. *See Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011); *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 998 (6th Cir. 2004). Indeed, the Supreme Court, in *Ross v. Blake*, 136 S. Ct. 1850 (2016), recently reiterated that courts are not free to impose discretionary exceptions to the statutory requirement that a prisoner exhaust available remedies. *Id.* at 1858. Plaintiff does not contest that administrative remedies are and were available to him. He therefore has not met the exhaustion requirement of 42 U.S.C. § 1997(e)(a). *See Barnett v. Laurel County, Ky.*, No. 16-5658, 2017 WL 3402075, at *2 (6th Cir. Jan. 30, 2017) (citing *Ross*, 136 S. Ct. at 1856-57) (holding that a prisoner's belief that administrative remedies will be futile does not excuse the exhaustion requirement).

---

[1] Plaintiff elected to use an out-of-date version of the form § 1983 complaint in drafting his action. The complaint Plaintiff used has not been current for more than 10 years, since the issuance of *Woodford v. Ngo*, 548 U.S. 81 (2006), which barred courts from requiring prisoners to provide information about their efforts to exhaust their administrative remedies. Because he has filed multiple earlier complaints on the correct form, Plaintiff is well aware that the current version of the form complaint for this Court does not require a recitation of Plaintiff's efforts to exhaust his claims. *See Goldman v. Consumers Credit Union et al.*, No. 1:16-cv-1372 (W.D. Mich.); *Goldman v. Kalamazoo Cnty. Jail et al.*, No. 1:16-cv-359 (W.D. Mich.); *Goldman v. Kalamazoo Cnty. Sheriff's Office et al.*, No. 1:16-cv-52 (W.D. Mich.). Because Plaintiff nevertheless elected to use an expired form, his provision of the information must be considered wholly voluntary.

Because Plaintiff admits that he has not exhausted his administrative remedies, Plaintiff fails to state an Eighth Amendment claim against Defendants Braman and Nurse Jim at this juncture.[2]

D.      Pending Motion

Also pending at this time is Plaintiff's "Emergency Motion to Expedite Initial Review of Complaint . . . (ECF No. 2). In light of the Court's disposition of the case, Plaintiff's motion to expedite will be denied as moot.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims against Defendants MDOC and Washington will be dismissed with prejudice. Plaintiff's claims against Defendants Braman and Jim (unknown) will be dismissed without prejudice

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

---

[2] Although the action fails to state a claim at this juncture, the Court's dismissal of Defendants Braman and Nurse Jim is without prejudice, because Plaintiff filed a grievance at the same time he filed his complaint, and he may ultimately exhaust his administrative remedies. *See, e.g., Alexander v. Salmi*, No. 2:16-cv-96, 2017 WL 915393 (W.D. Mich. Mar. 8, 2017) (dismissing for failure to state a claim, but without prejudice, when the plaintiff had failed to exhaust administrative remedies before filing the complaint); *see also Brown v. Lebanon Corr. Inst.*, No. 1:09-cv-513, 2009 WL 2913930, at *3 (S.D. Ohio Sept. 9, 2009).

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     September 21, 2017              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE